**Hollis Earl WOODS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44768.**

Court of Criminal Appeals of Texas.

April 5, 1972.

Rehearing Denied June 7, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault. The punishment was assessed by a jury at 75 years.[1]

---

1. See also Woods v. State, 480 S.W.2d 664 (72).

■ Appellant brings two grounds of error. First, he contends: "The trial court erred when it allowed testimony identifying appellant which was based on pictures shown the complaining witness in a suggestive manner over appellant's objection."

Celestus Smith testified that he was lying down inside his residence in Dallas at approximately 4:00 P.M. on June 14, 1970, when the appellant and Andrew Brown " . . . broke in the room and just run in there and one put the knife around my neck and the other one went and got in the closet and th*rowed* the things all out on the floor and got my billfold, flashlight, credit card and there was a Social Security card and driver's license and took all that from me." He said the billfold contained about $43.00 and all of the property was taken without his consent. He also stated that he was in fear of his life at the time.

He further testified that earlier that afternoon, between two and four o'clock, Deborah Smith came to his apartment and at approximately the same time she was there he observed the appellant and Andrew Brown in the yard in front of his house.

Witness Smith further testified that he reported the robbery to the Dallas Police Department and gave them a description of the robbers. An officer brought some pictures out from which he identified the appellant. The record before us does not support the assertion that such pictures were shown to the witness in "a suggestive manner."

The photographs were not introduced into evidence. However, the record reflects that the ones shown the witness were all in black and white, were of like size, and depicted like poses.

On cross-examination Witness Smith was asked:

"Q. Are you quite certain that you could make identification today if you hadn't seen the pictures that day?

"A. I'm sure I could.

"Q. Is there any doubt at all in your mind?

"A. No, sir."

He also testified that he had observed appellant at close range for approximately five minutes during the commission of the robbery. There is no evidence that he ever identified any person other than appellant and Brown, or that he ever failed to identify appellant. Also, as the quoted testimony shows, he made a positive in-court identification and that identification was based upon his observations at the time of the commission of the offense and not upon the photographs. Nor is there any evidence in the record that the officer who showed the photographs to the witness in any way indicated which photograph he felt the witness should identify. Hence, there is no showing that the exhibition of the photographs was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. e. g. Ward v. State, Tex.Cr.App., 474 S.W.2d 471; Hall v. State, Tex.Cr.App., 466 S.W.2d 762.

Furthermore, George Moorehead positively identified appellant as one of the two men he saw sitting in a parked automobile in front of Smith's house in the early afternoon on the date in question. He also saw them enter the house.

Appellant's first ground of error is overruled.

■ Next, appellant contends that: "The prosecution injected prejudicial testimony into the case when it adduced testimony about certain exhibits which were taken during the robbery in such a manner as to make the jury believe that appellant had these exhibits when in fact the prosecution could not connect said exhibits to appellant."

Deputy Sheriff R. J. Weaver testified that he returned the appellant and his two companions from Casa Grande, Arizona, to

**670**

Dallas on June 27, 1970. The witness was then asked to identify some credit cards and other property received by him from the Chief of Police of Casa Grande, Arizona. He received this property when he picked up the appellant, Deborah Smith and Andrew Brown to transport them back to Dallas. Two of the credit cards and a billfold were offered into evidence and appellant's objection thereto was sustained. The court instructed the jury to disregard the testimony of the witness with respect to such exhibits.

The error, if any, was cured by the court's instruction. Evans v. State, Tex.Cr.App., 477 S.W.2d 555(72); Smith v. State, Tex. Cr.App., 457 S.W.2d 58; White v. State, Tex.Cr.App., 444 S.W.2d 921.

Appellant's final ground of error is overruled.

The judgment is affirmed.