**Robert FRAZIER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45142.**

Court of Criminal Appeals of Texas.

June 28, 1972.

Malcolm Dade, Joe K. Hendley, Dallas (Court Appointed on Appeal) for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a robbery conviction where the punishment was assessed by the jury at 50 years.

The record reflects a brutal fact situation. The State's evidence shows that on the night of February 26, 1969, the appellant entered a Seven-Eleven store in the City of Dallas where the complaining witness was on duty alone; that he assaulted the complaining witness by throwing her to the floor and stepping on her chest; that, following further physical violence, she was forced to open the case register from which the appellant took the money. Subsequently, twisting her arm behind her, the appellant forced the complaining witness from the store and she was taken several blocks away where she was stripped of her clothing, beaten and raped. Subsequently, she suffered a heart attack, impaired vision in her right eye, and had to have a tumor removed from her breast as a result of the stomping on her chest. The complaining witness testified she was married, had eight children, and that her husband was an employee of another Seven-Eleven store. The husband was not a witness.

Initially, appellant complains of the prosecutor's jury argument. At the penalty stage of the trial, after appellant's counsel had urged consideration of probation, the prosecutor argued: ". . . And then he rapes her and tells her if she leaves he's going to kill her and she escapes. Now, you cannot understand what went through that woman's mind. If it had been your wife, would you consider probation?"

The appellant's objection to such argument was sustained and the jury instructed to disregard the argument. The mistrial motion was denied.

Subsequently, the prosecutor argued: ". . . He's the one that sat in judgment on her. You can't take away the experience, you can't take away the thought and the idea of a lady's husband always remembering it."

Appellant's counsel objected "to including the husband into evidence," stating, "[h]is feelings are not before this Jury."

The objection and subsequent mistrial motion were overruled. There was no request for a jury instruction to disregard.

■ It is difficult to understand why a prosecutor, given the fact situation here involved, would resort to such argument. In the first instance, the court promptly sustained the objection and gave admonitory instruction to disregard. In the second instance, although the argument was improper, we cannot conclude that it was of material character and calculated to prejudice the appellant when the entire record, as well as the circumstances of the case are considered. 5 Tex.Jur.2d Appeal and Error —Criminal § 436.

■ Appellant next contends the "trial court did not have jurisdiction of this cause." This claim is based on the fact that the indictment was returned into Criminal District Court No. 5 of Dallas County on March 10, 1969 and given Cause Number C–69–1364–L. On the same date, such indictment was transferred to the Criminal District Court of Dallas County. The order accepting transfer reflects the cause number as C–69–1364–LH, and this is the number used throughout the proceedings. Appellant contends that since the order of transfer and order of acceptance contained different cause numbers, the said Criminal District Court never acquired jurisdiction of the case.

There is nothing in the record to reflect the numbering system used in Dallas County. It appears, however, that the letter

"H" was added to the cause number to designate which court received the case upon transfer.

The very same contention advanced by appellant was raised in Garcia v. State, 429 S.W.2d 468 (Tex.Cr.App. 1968), and decided adversely to such contention. There, it was held that the addition of the letter "L" to the cause number on the indictment after it was transferred to Criminal District Court No. 5 of Dallas County did not deprive that court of its jurisdiction to try the case.

We find no merit in appellant's second ground of error.

■ By pro se brief, appellant contends that his arrest was illegal and, therefore, his conviction is void. It is true that in a hearing in the jury's absence the trial court concluded that the appellant's arrest several days after the alleged offense was illegal, but no evidence was seized as a result of the search incident to the arrest and the jury was not informed of the fact that the appellant made an oral confession leading to the fruits of crime.

An indictment was subsequently returned and the appellant held to answer the same. The conviction is not void.

Appellant also contends in his pro se brief that he was placed in a lineup in absence of counsel in violation of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

He makes no claim as to when such lineup took place so as to invoke the *Wade-Gilbert* decisions, and the record does not reflect that any lineup occurred. See Kirby v. Illinois, —— U.S. ——, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

■ Prior to trial, the court did conduct a hearing on the admissibility of the complaining witness's in-court identification of the appellant. There it was established she had selected appellant's photograph out of a number of pictures shown her. There was nothing to show that the procedure used was impermissible or suggestive. The court found her identification to be based upon her observations during the commission of the crime; that there was no discrepancy between the description given police and appellant's actual description; that no other person had been identified by the complaining witness; that no unreasonable lapse of time occurred between the offense and the viewing of pictures, and the procedure was not unnecessarily suggestive and conducive to irreparable mistake in identification. The court concluded that, based on the totality of the circumstances, appellant was not denied due process and the in-court identification was not tainted.

Appellant's contention is without merit. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Sutherland, 428 F.2d 1152 (5th Cir. 1970); Evans v. State, 444 S.W.2d 641 (Tex.Cr.App. 1969); Ward v. State, 474 S.W.2d 471 (Tex.Cr.App. 1972).

The judgment is affirmed.