**Tommy Preston MARSHBURN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45590.**

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied March 21, 1973.

Emmett Colvin, Jr., and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston and Harry J. Schulz, Jr., Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

Appellant and a co-defendant Jerry Lee Johnson were jointly tried for the offense of robbery. This is an appeal by appellant from his conviction with punishment assessed by the jury at seventy-five (75) years confinement in the Texas Department of Corrections.

The facts, as set out in appellant's brief and approved by the State in its brief, are as follows:

"At 1:00 or 1:30 A.M. on 11/5/70, the appellant and Jerry Lee Johnson went to the home of Franklin E. Lewis. They informed Mr. Lewis that his brother had sent them over and that they were looking for work.

"When Lewis opened the door to give the appellant and Johnson his office address, Johnson grabbed him and held a knife to his throat. At this time Mrs. Lewis entered the room. The appellant and Johnson then forced Mr. and Mrs. Lewis to lay face down on the floor and tied their hands and feet. A rug was thrown over the Lewis' heads while the appellant and Johnson searched the house.

"The property that was stolen included watches, rings, $993.00, and several credit cards, including a BankAmericard. There was evidence that the appellant had used Lewis' BankAmericard to make a purchase at a liquor store."

In his first ground of error appellant complains as follows:

"The trial court committed error in invoking 'The Rule' upon its own initiative and in subsequently refusing to allow the testimony of two defense witnesses."

The record reflects that at the beginning of the trial when the witnesses were sworn the court announced that the "rule will be invoked" and instructed all witnesses among other things to remain outside the courtroom while testimony was being given. At such time the court cautioned the attorneys to advise any witnesses not then present of the rule. After the State had presented testimony and rested its case appellant called two witnesses who had remained in the courtroom and heard all of the testimony and proceedings. When the first witness was called the State objected to her testifying on the ground that the rule had been invoked and she would not be "qualified to testify" to which objection the court stated, "Yes, you are right; the rule was asked for and at this stage of the proceedings, why, of course, I will not permit her to testify at this particular time." The other witness was not permitted to testify for the same reason.

Appellant insists that in effect the court invoked the rule sua sponte which was beyond his authority under Articles 36.03 and 36.04, Vernon's Ann.C.C.P. He also insists that the exclusion of the witnesses under the circumstances denied to him his right to compulsory attendance of witnesses as granted by the Sixth Amendment to the United States Constitution.

■■ We do not agree, as the record does not reflect that the court invoked the rule on his own initiative but to the contrary reflects that the rule had been requested as provided by Art. 36.03, supra.[1] The matter of enforcement of the rule is within the sound discretion of the trial court. See Art. 36.04, supra. The early case of Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893) by the Supreme Court of the United States, cited by appellant, recognized that the right to exclude a witness who had violated the rule under particular circumstances "may be supported as within the sound discretion of the trial court."

Appellant has made no effort to show this Court what the testimony of the two witnesses would have been had they been permitted to testify.

■ Under the record we find no abuse of discretion in the trial court's refusal to permit the witness to testify.

■ We are unable to apply the decision of the United States Court of Appeals, Fifth Circuit, in Braswell v. Wainwright, 463 F.2d 1148 (1972) to the facts in the instant case and hold that the trial court's refusal to permit the witnesses to testify was a violation of the appellant's right to compulsory process under the Sixth Amendment to the Constitution of the United States. The ground of error is overruled.

In his grounds of error numbers two, five and six, appellant insists that the court committed error in allowing in-court identification by three witnesses in that the pretrial photographic identification procedure was so impermissibly suggestive as to give rise to the likelihood of misidentification.

The State's witness Davenport identified the appellant in court as the person who came into his liquor store and used a BankAmericard bearing the name of the injured party in the robbery, Franklin E. Lewis, on it to purchase liquor from him. Prior to trial an officer had gone to the witness' store and exhibited a photograph on appellant's driver's license to him. The witness told the officer he was reasonably sure it was of the person who had purchased the liquor with Lewis' credit card. The next day an officer returned to the store and exhibited four pictures to the witness and at that time he identified one of the pictures as being of the appellant.

The injured party, Franklin E. Lewis, and his wife both identified appellant and Johnson at the trial as the men who had entered their home and committed the robbery. On Saturday, two days after the crime was committed, an officer brought six or eight pictures to the Lewises' home and exhibited the photographs to them. Lewis identified one of the pictures as being of the appellant and another picture as being of the defendant Johnson. His wife identified one of the pictures as being of the appellant.

Appellant insists that because only one photograph was exhibited to the witness Davenport prior to trial that his in-court identification was not trustworthy and should not have been allowed under the decision of the United States Supreme Court in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. He further insists that showing the photographs to the Lewises was so suggestive and inflammatory that their in-court identification should not have been allowed.

■ The record reflects that the witness Davenport had ample opportunity to observe the appellant while he was in the liquor store purchasing liquor with use of the Lewis' BankAmericard. The Lewises, likewise, had ample opportunity to observe appellant in a lighted room when the robbery was being committed. Lewis stated that he could identify appellant even if he

1. It is observed that we know of no reason why the court on its own motion could not invoke the rule.

had not seen the photographs. There is nothing in the record to suggest that the photographs were shown the witnesses in such a suggestive manner as to give rise to the likelihood of later misidentification. The fact that only one photograph was shown the witness Davenport would not alone vitiate his in-court identification. In Simmons v. United States, supra, cited by appellant, the court pointed out that on the question of identification each case must be considered on its own facts. We conclude that, based on the totality of the circumstances, appellant was not denied due process and the in-court identification was not tainted. See Thames v. State, Tex.Cr. App., 453 S.W.2d 495, and Frazier v. State, Tex.Cr.App., 481 S.W.2d 857. The grounds of error are overruled.

In this ground of error number three, appellant insists that the court committed error in "allowing testimony concerning evidence secured by an illegal search and seizure in violation of appellant's Fourth Amendment rights."

██ The complained of testimony was to the effect that following the arrest of appellant and Jerry Lee Johnson, the officers searched Johnson's automobile and found a credit card slip in the name of the complainant Lewis which was written at the liquor store operated by the witness Davenport. Officer Chapel testified that before he searched the car and found the slip he asked Johnson, the owner, "if he minded if we took a look at the automobile" and he said, "go ahead." It appears the consent to search was voluntarily and intelligently given and, therefore, authorized. Under the recent decisions of this Court in Barnett v. State, Tex.Cr.App., 447 S.W.2d 684; DeVoyle v. State, Tex.Cr. App., 471 S.W.2d 77, and Clark v. State, Tex.Cr.App., 483 S.W.2d 465, an officer does not have to warn one of his right to refuse to consent to a search. The ground of error is overruled.

Appellant's fourth ground of error complains of the Court's refusal to grant a mistrial because of certain jury argument of State's counsel.

It is appellant's contention that in his argument the prosecutor told the jury that the reason why another man was not on trial was that his picture had been shown to the Lewises; that they had failed to identify him, which argument was an elimination of a possible suspect by the prosecutor when no such fact was in the record, and, therefore, prejudicial to him.

██ The record reflects that in his closing argument, State's counsel in replying to the argument of counsel for the defendant Johnson as to why the State did not have Jackson on trial stated, "Because I will tell you why, folks, they had a series of pictures and they showed them to the witnesses . . ." and after objection by appellant's counsel, the prosecutor stated, "Well, Judge, I had said they brought some pictures to the Lewises with Jackson's picture in it as well as the other two men and they were the two defendants on trial here today." Thereupon the court sustained appellant's objection, instructed the jury "you will disregard the statement by Mr. Hill concerning the pictures, if any, brought to anybody, if any were brought to them, and not consider it for any purpose whatsoever" and refused to grant a mistrial. We do not find the argument so obviously prejudicial that its harmful effect, if any, could not be removed by the court's instruction to the jury to disregard. The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

We are again urged to reverse this conviction on the basis of the holding of the Fifth Circuit Court of Appeals in Braswell v. Wainwright, 463 F.2d 1148.

In Braswell, supra, the Court concluded defendant could not be deprived of the testimony of a witness who had violated "the rule" when that testimony was essential to his defense. The Court held that since "Braswell was claiming self-defense and Rogers [the excluded witness] was his only corroborating witness" the court erred excluding his testimony because he violated "the rule".

In the case at bar, appellant was positively identified by the two victims. During the trial appellant attacked the validity of his arrest and the search of his automobile.

 We have reexamined the record and are unable to see how these two witnesses who were not permitted to testify could have supplied the "crucial" testimony in appellant's behalf pointed out in Braswell, supra. Appellant's brief doesn't point out the significance of their testimony. Cf. Nixon v. State, Tex.Cr.App., 309 S.W.2d 454.

Remaining convinced that the cause was properly disposed of originally, appellant's motion for rehearing is overruled.