**Jack TERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45615.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Francis L. Williams, W. James Kronzer, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Herb Hancock, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted by a jury of the offense of aggravated assault upon a peace officer who was in the lawful discharge of his duties, and the jury assessed his punishment at a fine of $750.

The sufficiency of the evidence is not challenged, and no recital thereof is required.

By his first ground of error, the appellant complains because the court did not grant his motion to reshuffle the jurors.

The motion to reshuffle urged the court to reshuffle all the panel prepared for all the courts in Harris County for the week , "that are available at this time." The court offered to reshuffle the 14 jurors assigned to that court for this trial, but this was not acceptable to appellant.

The court correctly overruled the motion. Hoebrecht v. State, Tex.Cr.App., 72 S.W.2d 1100; Curry v. State, Tex.Cr.App., 248 S.W.2d 166; Gonzales v. State, Tex.Cr.App., 468 S.W.2d 85.

Appellant complains in his second ground of error that the court should have ordered that the appellant be furnished a copy of the testimony of witnesses before the grand jury for impeachment purposes.

This motion was made the morning of the trial, and it appeared from the discussion between counsel and the court that this testimony had not been transcribed and was not then available. In overruling the motion, the court said:

"Let the record show that the motion to inspect and use the grand jury proceeding was filed with the court on the day of trial and the court being advised that the records haven't been transcribed nor available at this time and no evidence being presented as to the records being available in time to use in this case that is going to trial today."

There was no evidence offered to support the motion, and no particularized need for the record was ever shown, nor does any harm to appellant appear.

The trial court did not err in this ruling. Garcia v. State, Tex.Cr.App., 454 S.W.2d 400; Bryant v. State, Tex.Cr.App., 423 S. W.2d 320; Acuff v. State, Tex.Cr.App., 433 S.W.2d 902; Bell v. State, Tex.Cr. App., 442 S.W.2d 716; Smith v. State, Tex.Cr.App., 455 S.W.2d 748.

Appellant's second ground of error is overruled.

■ Appellant's third ground of error is that the court erred in asking the appellant's counsel in the presence of the jury if appellant intended to testify.

In the afternoon, when the State indicated it had finished its testimony, the court asked defense counsel:

"Is defendant going to testify?"

To which appellant's counsel promptly replied:

"Yes, sir."

After this occurred, without any object or motion relating to this question and answer, the court recessed and excused the jury until the next morning, when appellant's counsel moved for a mistrial, which was overruled.

With the acquiescence of counsel for both sides, the court then gave the jury this oral instruction:

"THE COURT: All right. Ladies and gentlemen of the jury, yesterday afternoon about 5:30 or 5:40, whatever time it was, after having announced to you that we would be here until about 6:30 or 7:00, and assuming that there would be sufficient witnesses to carry us that far, the witnesses that were present for the defense, we got through with them earlier than anticipated. In wanting to continue on further, the Court inquired of the defense if the defendant was going to testify. My sole purpose being that we can fill out that gap with his testimony. The Court had no right to ask that at that particular time and I am instructing you not to consider my request for any reason. You will not consider his failure to so testify at that time for any purpose. You are further instructed that he does not have to testify at all and if he doesn't testify at all you couldn't consider it as any evidence against him. He doesn't have to make a decision as to whether or not he wants to testify until the case is completed. So, you are instructed not to consider the Court's remarks for any reason and not to consider his decision as to whether or not to testify for any purpose. If he should elect not to testify that is his right in court, this jury or anybody. That decision will be made by his attorneys at the time of the close of their evidence. So, with that instruction we will proceed, gentlemen."

The appellant did testify on the guilt or innocence phase of the trial.

The court's question, while admittedly improper, did not refer to his failure to testify. Since he subsequently testified, it could not be considered by the jury as an allusion to a failure that did not occur. If harm was done, we conclude that it was removed and rendered harmless by the oral instruction given by the court.

Appellant's third ground of error is overruled.

■ Appellant's fourth ground of error is:

"A new trial should be granted because of the highly improper argument of counsel for the State concerning the actions, conduct and demeanor of the defendant at, during and before the trial."

This is too general to comply with the provisions of Art. 40.09, Sec. 9, Vernon's Ann.C.C.P.

Objections were made in only two instances and were general in nature and did not point out to the court the particular part of the argument complained of, nor the vice thereof, and no motion for mistrial was made.

Nevertheless, we have concluded that under the record no reversible error is shown.

Finding no reversible error, we affirm the judgment.

Opinion approved by the Court.