**Eddie Lewis McNEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46228.**

Court of Criminal Appeals of Texas.

May 16, 1973.

Rehearing Denied June 6, 1973.

W. John Allison, Jr. (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery; the punishment, fifty years imprisonment.

Complaint is made of the court's refusal to suppress the witness Mary Moore's in-court identification of the appellant. He contends her identification of him was tainted by viewing photographic exhibits prior to trial.

At the trial Mrs. Moore identified the appellant as the man who came into the Holiday Cleaners where she was employed and robbed her. He first came into the cleaning establishment asking for clothes under a name other than McNeal. She was unable to locate the clothing. The appellant left, but soon returned and asked for clothing under a different name. Mrs. Moore told him of another cleaner in the neighborhood where the clothing might have been taken. The appellant again left and in a few minutes returned for the third time. He then exhibited a small pistol; she, being in fear of her life and safety, at his demand, gave him fifteen dollars from her purse and the money from the cash register. He then told her to get down on the floor.

After the appellant left, Mrs. Moore went to the barber shop nearby and told those present of the robbery and described the robber. Robert Brown, one of the barbers, said he might know the identity of the robber. He testified at the trial that a short time before Mrs. Moore came in and told about the robbery he had been standing outside the barber shop where he saw and talked to the appellant. Brown was acquainted with the appellant. At the time he saw him the appellant was wearing a brown corduroy coat such as that described by Mrs. Moore. When Brown saw the appellant on the street he talked briefly with him and inquired about the appellant's brother with whom Brown had worked.

Several days after the robbery, investigating officers exhibited to Mrs. Moore six photographs. She identified the appellant's photograph, which was next to the last one shown to her, as being the robber. The witness also testified on cross-examination that she had observed the appellant's photograph on the prosecutor's desk the day prior to trial, and that she had identified the appellant prior to trial when he was sitting in the court room. Her testimony was unequivocal that she recognized the appellant in court as the one who robbed her. She testified her in-court identification was made unaided by earlier viewing of the photographs. The exhibiting of the photographs was not shown to have been done in a suggestive way.

The court conducted a hearing prior to trial on the appellant's motion to suppress the in-court identification. There is nothing to show that the witness' viewing of the photographs was impermissibly suggestive. The court's conclusion that the in-court identification was not tainted is supported by the evidence. The appellant's contention is without merit. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968); Dunlap v. State, 477 S.W.2d 605 (Tex.Cr.App.1971); Woods v. State, 480 S.W.2d 668 (Tex.Cr.App.1972);

Frazier v. State, 481 S.W.2d 857 (Tex.Cr. App.1972); Nash v. State, 486 S.W.2d 561 (Tex.Cr.App.1972) and Fagan v. State, 489 S.W.2d 578 (Tex.Cr.App.1973).

Ground of error number two urges that "the trial court erred by refusing to grant a mistrial for prejudicial inflammatory statements of fact interjected into evidence by the District Attorney during cross-examination by defendant, deliberately inferring an extraneous offense at the time of his arrest for the present offense."

During cross-examination the appellant denied owning a pistol on the day of the robbery or at any other time. He was then asked: "Well, you had a pistol when you were arrested—." The question was interrupted by an objection which was promptly sustained. A motion to strike was granted and the jury was instructed to disregard the question. The court refused to grant a motion for mistrial.

Any possible error was cured by the court's ruling and its instructions to the jury. See e. g., Mistrot v. State, 471 S.W. 2d 831 (Tex.Cr.App.1971) and Sensabaugh v. State, 426 S.W.2d 224 (Tex.Cr.App. 1968).

In his last ground of error the appellant contends: "The District Attorney committed reversible error by interjecting a new and harmful fact during final argument, which argument was also manifestly harmful, improper and prejudicial and calculated to injure the defendant." In the two pages of argument to which our attention has been directed, we find the cautious trial court responded by sustaining three general objections made by the appellant's counsel. No further relief was requested. The record does not reflect error. See Schreiner v. State, 478 S.W.2d 460 (Tex. Cr.App.1972) and Blassingame v. State, 477 S.W.2d 600 (Tex.Cr.App.1972).

The judgment is affirmed.

Opinion approved by the Court.