Robert Cruz **GARCIA**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 48845.

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

---

James O. Terrell, Waco, for appellant.

Martin Eichelberger, Dist. Atty., and Ward Casey, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for burglary with intent to commit theft; the punishment, life, enhanced under Art. 63 Vernon's Ann.P.C., because of two prior convictions for felony theft and burglary.

On December 21, 1972, a business house in Waco known as Panther Oil Company, a service station managed by Rick Austin, was burglarized by prying the padlock off the front door and thereby entering the station. Some beer was taken. Charles Edward Goddard, Jr., operated an electric shop about half a block from Panther Oil Company. On the same morning about 3:00 A.M., Goddard went to inspect his place of business because it also had been burglarized. He saw appellant, whom he identified, enter the front door of Panther Oil Company, then returned and drove up and stopped some eight or ten feet from the front door and saw appellant inside the burglarized building, carrying six packs of beer. When appellant saw Goddard, he dropped the beer and ran away. He also dropped a pair of pliers and discarded his jacket. Goddard chased him but he escaped.

Appellant did not testify. He offered the testimony of only one witness, his sister-in-law, Margueritte Hernandez. She said that she and her husband lived in the house with her mother-in-law, who was the mother of appellant, and that appellant also lived there. On the night of the Panther Oil Company burglary, she said appellant came in about 11:00 P.M., drank some coffee with his mother and then went to bed. His mother was up until about 2:00 A.M. The witness did not hear appellant leave the house that night. Appellant's mother did not testify. The court charged on alibi.

It is the contention of appellant that reversal of the judgment is called for because of allusions by the assistant district attorney to the failure of appellant to testify. The following occurrences are the basis for this ground of error.

While cross-examining the appellant's sister-in-law, Margueritte Hernandez, as to whether he was asleep in his bed that night, after she had said appellant's mother told her he was asleep, the assistant district attorney said: "And if this jury wants some firsthand knowledge on whether or not he was asleep, they would have to hear from either the defendant or his mother." The court sustained an objection and instructed the jury to disregard. No motion for mistrial was then made.

Again, a few questions later in his cross-examination of Margueritte Hernandez, the assistant district attorney, still pursuing the subject of whether the witness knew appellant was asleep in his bed that night or was basing her statement that he was asleep in his bed upon what appellant's mother had told the witness, asked her:

"Well, if he was asleep, of course, Robert Garcia knows better than anybody else in the world, whether he was asleep or not?"

To which the witness answered "Yes."

The court sustained an objection, denied a motion for mistrial, but at the request of defense counsel instructed the jury to disregard it.

In his opening argument to the jury on the guilt or innocence phase of the trial, the record discloses this occurrence: (Terrell was the defense attorney and Casey was the assistant district attorney)

"Mr. Terrell says, 'I wish I could put up a witness to testify that Robert was asleep. Why can't he put a witness up to testify that Robert was asleep?'

"MR. TERRELL: Your Honor, we would object to that. We put a witness up to testify that Robert was asleep.

"THE COURT: Overrule the objection.

"MR. CASEY: You know, ladies and gentlemen, there is one person we didn't hear from in this trial.

"MR. TERRELL: Your Honor, I am going to object to that.

"MR. CASEY: We didn't hear—

"MR. TERRELL: It's a comment on the failure of the defendant to testify.

"MR. CASEY: —from the defendant's mother.

"MR. TERRELL: We ask for a mistrial. It's a comment on the failure of the defendant to call a witness. It's specifically excluded from the jury's consideration.

"THE COURT: I'll overrule the objection.

"MR. CASEY: He didn't call Robert Garcia's mother.

"MR. TERRELL: Your Honor, I am going to object once again to this. He's commenting on the defendant's failure to call a witness.

"THE COURT: Overruled."

It is asserted in appellant's brief that when the prosecutor said, "there is

one person we didn't hear from in this trial," he stood behind appellant, then when the objection was made, he said, "from defendant's mother." If this occurred as appellant recited in his brief, it would doubtless be a direct reference to the failure of appellant to testify, but the record does not support the claim that the assistant district attorney stood behind appellant and thus directed his remarks to his failure to take the stand.

Art. 38.08, Vernon's Ann.C.C.P., provides:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

As is said in 1 Branch's Annotated Penal Code (2d), p. 414, Sec. 395, supported by the citation of many cases:

"It is error for State's counsel in the argument to the jury to refer to or discuss the defendant's failure to testify, and the error is not cured by charging the jury to disregard such allusion."

See also 56 Tex.Jur.2d, Trial, Sec. 266 and Sec. 326.

■ In the first occurrence above noted, no motion for mistrial was made. If this had constituted an allusion to the failure of appellant to testify, it was necessary that a motion for mistrial be made in order to show error. When the court instructed the jury to disregard, appellant received all the relief he asked for, and no ruling of the court is presented to us for review. Satterwhite v. State, Tex.Cr.App., 499 S.W.2d 314; Alvarez v. State, Tex.Cr.App., 478 S.W.2d 450; Ellis v. State, Tex.Cr.App., 468 S.W.2d 406; Haywood v. State, Tex.Cr.App., 482 S.W.2d 855.

■ In the second occurrence complained of, as set out above, as in the first,

there was no assertion in the question that appellant had failed to testify. In fact, when the cross-examination occurred, the defense had not rested its case, and neither the State's attorney, the court nor the jury knew whether or not appellant would testify. As we said in Terry v. State, Tex.Cr.App., 489 S.W.2d 879, such language could not refer to a failure that had not occurred. The contents of the question did no more than indicate that appellant knew whether he was asleep or not at the time of the burglary, and made no allusion to his failure to testify. Jackson v. State, Tex.Cr.App., 501 S.W.2d 660.

■ In his argument to the jury, since the prosecutor stated that he was referring to the failure of appellant to call his mother to the stand in his behalf, no error is shown. Miller v. State, Tex.Cr.App., 458 S.W.2d 680; Joines v. State, Tex.Cr.App., 482 S.W.2d 205.

■ Appellant also complains because the court permitted Goddard to testify to the jury that he was the man he saw in the Panther Oil Company and to make an in-court identification of him. He filed a motion to suppress Goddard's indentification. After a hearing out of the presence of the jury (see Martinez v. State, Tex.Cr.App., 437 S.W.2d 842), the court entered its findings in the record as follows:

"The court finds, that in direct response to questions by the defense attorney, that there is no question in his mind but what this man has based this purely upon his observation of the man for some two or three minutes while he was confronting him at a distance of four to six feet at the scene of the alleged offense. The court finds that the identification in court today is in no way tainted with the identification of photographs, or subsequent identifications at the defendant's place of residence."

The evidence showed that Goddard saw appellant opening the front door of the building, drive around a block and into the

service station, that he saw appellant at a distance of six to eight feet while he was in the station getting beer, that appellant dropped the beer and came outside, when Goddard saw him for two or three minutes at a distance of four to six feet, whereupon appellant ran and Goddard chased him for two blocks but lost him. He reported the happening to police and told them the man was Mexican-American, with a pock-marked face, a mustache and bushy hair. In about thirty-five minutes from the time he saw appellant at the service station, the police laid out four photographs before him without suggestion. He picked out the photograph of appellant. He then went with the police to appellant's home and again identified him when he was arrested within two hours of the crime.

Goddard testified that he identified appellant because of his observations at the time at the burglarized premises independently of his seeing his photograph and seeing him when arrested. We conclude that the findings of the court are sustained by the record. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441; Simmons v. United States, 390 U. S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; Martinez v. State, supra; Waffer v. State, Tex.Cr.App., 500 S.W.2d 659; McNeal v. State, Tex.Cr.App., 499 S.W.2d 173; Henricksen v. State, Tex.Cr.App., 500 S.W.2d 491.

We overrule the contention of appellant that the identification of him by Goddard should have been suppressed.

The sentence herein erroneously recited that appellant was sentenced for a term of not less than two years and not more than life. He was found to be a habitual criminal under Art. 63, V.A.P.C., and the proper sentence was for life. The sentence is so reformed.

As reformed, the judgment is affirmed.

Opinion approved by the Court.