Opinion issued March 27, 2003








  
   





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00118-CR




CHRISTOPHER LOUIS FRANKLIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 00CR1846




MEMORANDUM OPINION

          A jury found, appellant, Christopher Louis Franklin, guilty of murder. See
Tex. Penal Code Ann. § 19.02 (Vernon 1994). Appellant elected to have the trial
court assess punishment; the court sentenced appellant to 60 years’ confinement. In
three issues, appellant complains that the trial court’s comments during voir dire
deprived him of his due process rights and contends the State’s bloodstain expert was
not qualified.
          We affirm.
FACTS
          At 2:22 a.m. on September 14, 2000, the Texas City Police received a 9-1-1
call reporting gunfire. Texas City Police Officer Allen Hogan was dispatched to
investigate. On his arrival at the scene, Officer Hogan found the dead body of the
complainant, Ernest Joiner, otherwise known as “E.J.,” lying in the roadway. 
Although he knew the complainant, Officer Hogan was unable to identify his face due
to the gunshot wounds inflicted to the complainant’s head; part of the complainant’s
face and skull were missing. The complainant had been shot numerous times at close
range. He had both shotgun and handgun wounds. According to the medical
examiner, the shotgun wounds alone were fatal.
          Reginald Joiner, nephew of the complainant, testified at trial. Between 2:00
and 2:30 a.m. that same morning, Joiner went to his cousin, Marcus Britton’s home. 
About 30 minutes after he arrived, Joiner saw appellant and Jorrel Haywood arrive
at the garage of Britton’s home. Joiner noticed appellant carrying a short barrel 12
gauge shotgun, and Haywood had a .44 caliber pistol in his pocket. Joiner heard
appellant say his uncle was dead and then appellant stated, “He ain’t got no head.” 
Joiner heard appellant state that he stood over the complainant and shot him six times
with the shotgun. 
          Marshall Guillory was also present in Britton’s garage. At trial, Guillory
testified that he heard appellant state that he had shot the complainant with a shotgun
and that the complainant was dead. 
          The State introduced evidence at trial linking appellant to the shotgun that
killed the complainant. Joiner testified that appellant gave the shotgun to Britton. 
The shotgun used to kill the complainant was recovered at appellant’s residence. The
shotgun was retrieved from appellant’s residence by Britton and turned over to the
police. 
          The State also introduced into evidence two statements given by appellant; in
the statements, appellant admitted that he was at the crime scene when the
complainant was murdered; however, he claimed that Jorrel Haywood alone shot and
killed the complainant. 
DISCUSSION
A.      Statements Made by Trial Court During Voir Dire
          1.       Creating Expectation Appellant Would Testify
          In issue one, appellant complains the following italicized remarks made by the
trial court before the State’s voir dire examination violated his due process rights:
The Defendant, obviously, since he has the burden to prove nothing, has
an opportunity to testify if he wishes to do so. And that’s defined in the
law as a right. He has a right to testify but he is not required to testify. 
And you will be further instructed that not only is the burden on the
State beyond a reasonable doubt and never shifts, but it follows that the
Defendant is not required to testify to prove anything. And if he fails to
testify, you will be instructed that you can’t consider that as any
indication of guilt.
 
You might want to hear from him. You probably will. But there
are a lot of reasons that lawyers advise their clients not to testify. 
Sometimes they believe the State has not met its burden of proof. 
Sometimes you have a client who makes a poor first impression. People
who testify under those circumstances are under huge pressure and there
is no telling what—there is just so many dangers involved that
oftentimes the lawyer just opts not to run the risk. In any event, if you
can’t follow that rule then you will be excused from this jury. 

(Emphasis added.)

          Outside the presence of the venire, defense counsel objected to the trial court’s
comment that, “You may want to hear from the Defendant. You probably will.” 
Defense counsel protested that the trial court had told the venire that appellant would
testify. The trial court denied making such a statement. Nonetheless, the trial court
told counsel that it would give the jury a curative instruction. Defense counsel
responded that an instruction would not cure the harm because the venire had been
tainted beyond repair. The trial court overruled defense counsel’s objection. The
defense then moved for a mistrial. The trial court overruled the motion for mistrial
stating it would address the venire on the issue. When the venire was returned to the
courtroom, the trial court again explained the law relating to appellant’s right not to
testify as follows:
Ladies and gentlemen, there are two issues we discussed and there is
disagreement amongst the parties about what I said with respect to
failure of the Defendant, or perhaps the failure of the Defendant to
testify. One side heard me say he would testify. I don’t believe I said
that. I didn’t mean to say that. I am gratified to see you shaking your
head I didn’t say that.
 
Whether or not the Defendant testifies I have no more idea than
a goose. But I will repeat it matters not under the law. It does matter if
you have a problem with it and would hold it against him. That’s simply
what I hope that I said because that’s the law.
          Appellant did not testify at trial. Appellant contends that the trial court’s
statement—“[y]ou probably will”—created an expectation in the jury that appellant
would testify. Appellant contends that the comment was so egregious and prejudicial
that its effects could not be cured through an instruction. 
          Neither the trial judge nor the prosecutor may comment on the defendant’s
failure to testify. Bustamante v. State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). 
Such a comment violates the privilege against self-incrimination and the freedom
from being compelled to testify contained in the Fifth Amendment to the United
States Constitution and article I, section 10, of the Texas Constitution. Id. In
Bustamante, the Court of Criminal Appeals delineated the test to determine whether
a comment by a trial judge or a prosecutor refers to a defendant’s failure to testify. 
Although appellant frames his issue in terms of a violation of his constitutional due
process rights, the substance of his complaint fits squarely within the Bustamante
analysis. 
          Just as it is improper for the State to argue from a defendant’s silence, it is also
improper for the trial judge to call attention to a defendant’s silence. Id. If a trial
court’s comment creates an expectation that a defendant will testify, and then the
defendant does not testify, such comment could potentially call attention to the
defendant’s silence. Thus, we must determine whether the complained-of comment
in this case created such an expectation. 
          To violate the right against self-incrimination, the offending language must be
viewed from the jury’s standpoint and the implication that the comment referred to
the defendant’s failure to testify must be clear. Id. at 765. It is not sufficient that the
language might be construed as an implied or indirect allusion. Id. The test is
whether the language used was manifestly intended or was of such a character that
the jury would necessarily and naturally take it as a comment on the defendant’s
failure to testify. Id. 
          In applying this standard, the context in which the comment was made is
important. See id. Here, the statement, “[y]ou probably will,” follows the statement
that the jury, “might want to hear from [appellant]” and precedes the statement “[b]ut
there are a lot of reasons that lawyers advise their clients not to testify.” At the time
of the comment, the trial court also informed the venire that, by law, appellant was
not required to testify, and that the jury could infer nothing from appellant’s failure
to testify. Put in context and viewing it from the jury’s standpoint, the complained-of
comment, “[y]ou probably will,” did not create an expectation that appellant would
testify; rather, it referred to the jury’s probable desire to hear the appellant testify. 
          Even assuming such comment created an expectation that appellant would
testify, any error was cured by the trial court’s remedial instruction. In Terry v. State,
a question was asked by the court of the defense counsel as to whether the defendant
would testify, for the stated purpose of aiding the court in determining if there would
be sufficient testimony to fill the remaining portion of the day. 489 S.W.2d 879, 881
(Tex. Crim. App. 1973). Immediately the next morning, the court apologized for the
remark, gave a curative instruction to the jury to disregard its remark and, if the
defendant chose not to testify, not to consider the defendant’s “failure to testify at that
time for any purpose.” Id. The Terry court held, if harm was done, it was cured by
the instruction. Id. Similarly, in this case, to the extent that any harm occurred, it was
cured by the trial court’s instruction to the venire reiterating the law relating the
appellant’s right not to testify. 
          We hold that the trial court’s comment relating to whether appellant would
testify did not deprive appellant of due process of law. We overrule appellant’s first
issue.
          2.       Misstating Law Relating to Punishment
          In issue two, appellant contends his due process rights were also violated by
the following remarks made by the trial court to the venire:
In this case the defendant has opted to go to the court for punishment,
so this jury will not be called upon to assess punishment. But the reason
I qualified you on considering probation is because if the jury does
recommend probation then the court has no discretion, the defendant
will receive probation. But you won’t actually punish the defendant. 
The court will do that and in the absence of a recommendation of
probation the Court’s range of punishment is five to 99 or life that’s the
way it is. 
Because appellant had previously elected to have the trial court assess punishment,
defense counsel objected to the trial court’s statement that the jury could recommend
probation. The trial court denied the defense’s objection. The defense moved for a
mistrial on the basis that the statement would confuse the jury, and that an instruction
from the trial court could not cure the harm. The trial court overruled the defense’s
motion for mistrial stating that it would again address the venire on the issue of
punishment. To this end, the trial court told the venire,
Now, the second issue, another thing about bringing old judges back is
they keep changing the law. I misspoke when I said that you would be
asked to make a recommendation on probation. That’s not possible
anymore. Anything having to do with punishment is of no concern to
you. The punishment is up to the Court and you will make no
recommendations one way or the another. You won’t be concerned in
any wise [sic] with punishment in this case. The only thing that you will
consider in the trial is the question of guilt or innocence. 
          The trial court’s statement to the venire that the jury could recommend
probation was an incorrect statement of the law. Pursuant to article 37.07 section
2(b), a defendant may elect to have a jury assess punishment. See Tex. Code Crim.
Proc. Ann. art. 37.07 § 2(b) (Vernon Supp. 2003). However, in this case, appellant
expressly elected to have the trial court assess punishment. Because the trial court,
rather than the jury, was assessing punishment, appellant could not be placed on
community supervision for the offense of murder. See Tex. Code Crim. Proc. Ann.
art. 42.12 § 3g (Vernon Supp. 2003). 
          On appeal, appellant complains that the trial court’s original statement that
“this jury will not be called on to assess punishment” left the venire confused as to
whether the jury would assess punishment and created a presumption that it was a
foregone conclusion that appellant should be found guilty. Appellant maintains that
the trial court’s subsequent instruction failed to cure the harm caused by the its
misstatement of the law. 
          In its curative instruction, the trial court informed the venire that it had
previously “misspoke” when it stated the jury could recommend probation. The trial
court unequivocally informed the venire that the jury could not recommend probation
in this case and would play no role in assessing punishment. This instruction could
have left no doubt in the minds of the venire that the jury would not assess
punishment. See Hicks v. State, 901 S.W.2d 614, 617 (Tex. App.—Houston [1st
Dist.] 1995, pet. ref’d) (holding instruction to disregard trial court’s comment during
voir dire relating to extraneous offenses cured any harm).
          Moreover, the trial court’s statement that “this jury will not be called upon to
assess punishment” must be viewed in context. This phrase was part of the court’s
statement to the venire that, “In this case the defendant has opted to go to the court
for punishment, so this jury will not be called upon to assess punishment.” 
(Emphasis added). In the context of the entire sentence, it is clear that the trial court
was not commenting on appellant’s guilt, but rather informing the venire that the trial
court would assess punishment, not the jury. To the extent the venire could have
perceived the trial court’s remark to imply that appellant’s guilt was a foregone
conclusion, the error was cured by the court’s later remedial instruction to the venire. 
The trial court concluded the instruction by stating, “The only thing that you will
consider in the trial is the question of guilt or innocence.” This statement left the
venire with no doubt that the jury had the option to find appellant guilty or not guilty. 
We conclude any error was cured by the trial court’s instruction; thus, no harm
resulted.
          Because the instruction cured the error, we hold that the trial court’s comments
to the venire relating to punishment did not deprive appellant of due process. We
overrule appellant’s second issue.
B.      Admissibility of Bloodstain Expert’s Testimony
          In issue three, appellant contends the State’s witness, Texas City Police
Officer, Sergeant Robert Elliot, was not qualified to render an opinion interpreting
bloodstains found at the crime scene. 
          Sergeant Elliot testified about his investigation of the crime scene in this case. 
Before Sergeant Elliot could testify about the significance of the bloodstain evidence,
defense counsel objected and requested a Daubert


 hearing to determine Sergeant
Elliot’s expertise in the field of bloodstain analysis. Following the hearing, defense
counsel again objected and attacked Sergeant Elliot’s qualifications because the State
had failed to question him about the following Daubert requirements: the testing of
the theory of blood spatter, peer review of publications, potential rate of error, and the
standards controlling the technique at issue. 
          We read appellant’s complaint made after the voir dire examination and as
stated in appellant’s brief on appeal, not to complain simply that the State failed to
present sufficient evidence concerning Sergeant Elliot’s qualifications—i.e., studies,
training, work experience, and history as an expert witness—to qualify him as an
expert; rather, the substance of appellant’s complaint appears to challenge the
reliability of Sergeant Elliot’s opinion. See Hernandez v. State, 53 S.W.3d 742, 745
(Tex. App.—Houston [1st Dist.] 2001, no pet.) (concluding appellant’s objection to
expert testimony to be one of reliability because appellant’s objection was made after
counsel’s voir dire of expert using questions patterned from Kelly reliability factors).
          This Court has long recognized the scientific and expert nature of bloodstain
pattern analysis. See Lewis v. State, 737 S.W.2d 857, 861 (Tex. App.—Houston [1st
Dist.] 1987, pet. ref’d). We need not, however, develop this issue because, even
assuming that the evidence was inadmissible, we nevertheless overrule appellant’s
point because the error was harmless.
          The error here is non-constitutional; therefore, we evaluate it under Rule of
Appellate Procedure 44.2(b) and disregard it if it did not affect appellant’s substantial
rights. Tex. R. App. P. 44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim.
App. 1998); King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). “A
substantial right is affected when the error had a substantial and injurious effect or
influence in determining the jury’s verdict.” King, 953 S.W.2d at 271. After
examining the whole record, we may not reverse if we are fairly assured that the error
did not influence the jury or had but slight effect on it. Johnson, 967 S.W.2d 410,
417 (Tex. Crim. App. 1998). 
          In addition to Officer Elliott’s opinion testimony that the complainant was on
the ground when he was shot, the State elicited the following testimony from
Reginald Joiner regarding what Joiner heard appellant say shortly after his uncle’s
murder:
[Appellant] said “E.J. E.J.” He said my uncle’s name about seven times
that night. He said how he stood over and shot him in the face, how the
shotgun jammed. He unjammed the shotgun and shot him in the face
three more times. He said that he was already dead but he would keep
shooting, and every time he would shoot his body would jump. And he
said, “He was already dead but I would shoot him again and his body
would jump every time I shoot [sic] him.”
From Joiner’s testimony, the jury could have concluded that the complainant was
lying on the ground when he was shot. See Willis v. State, 785 S.W.2d 378, 383 (Tex.
Crim. App. 1989) (applying rule that inadmissible evidence can be rendered harmless
if other evidence at trial is admitted without objection and tends to prove same fact
that inadmissible evidence was offered to prove).
          During its closing argument to the jury, the State emphasized the testimony of
Reginald Joiner and Marshall Guillory. Joiner testified that he saw appellant with a
shotgun shortly after the complainant’s murder. Both Joiner and Guillory heard
appellant state that the complainant was dead and admit to shooting the complainant
with a shotgun. The State also emphasized that the shotgun used to kill the
complainant was found at appellant’s residence. Lastly, the State called attention to
the appellant’s statements given to the police in which appellant admitted to being
present during the murder. The State relied on the Officer Elliott’s testimony
regarding the bloodstain analysis only tangentially. The State made only a passing
reference to the jury regarding Officer Elliot’s opinion about the location of the
shooter in relation to the complainant. The State mentioned Officer Elliott’s opinion
that the complainant was on the ground when he was shot. In so doing, the State was
highlighting for the jury the particular cold-bloodedness of the complainant’s murder
rather than relating it to a particular element of the offense. 
          After examining the record, we conclude that the error did not influence the
jury in finding appellant guilty of the complainant’s murder, or if it did, it had but
only a slight effect. Tex. R. App. P. 44.2(b).
          We overrule appellant’s third issue. 
CONCLUSION
          We affirm the judgement of the trial court.
 
 
                                                             Laura Carter Higley
                                                             Justice
Panel consists of Justices Taft, Keyes, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).