Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Negligent homicide is the offense; penalty assessed at confinement in the county jail for eighteen months.

The State's evidence, as given by the witness Barren, is to the effect that he was employed on a Government P. W. A. project at Burkburnett, Tex. The deceased, R. H. McFarlane, was the superintendent, and the appellant had been employed on the project. On March 25th, the deceased received orders, from the head office of the P. W. A. at Wichita Falls, to lay off a number of men. On the morning of April 10th, appellant came to the office where deceased and Barren were working and stated that he had come for the money due him, which amounted to $1.65. Appellant spoke to the deceased and then departed. Later in the day the appellant returned and asked for the deceased. Barren asked appellant why he was on the premises. Appellant replied that he wanted to settle the matter of his lay-off with the deceased. While at work on some reports, the witness happened to look out in the yard. He observed the appellant and deceased together and heard appellant call the deceased a liar. The witness went to the door of the building and saw deceased running from the appellant. A minute later he saw the deceased on the ground. The witness pulled appellant off and started with deceased to the office. Appellant then came and struck deceased in the neck. At that time the deceased said, "My God, man, what do you mean." "He crumpled down, let one long gasp and fell backwards."

Several witnesses testified that appellant said to them "that he was going to whip the superintendent," referring to the deceased.

A doctor, who conducted a hospital clinic at Burkburnett, testified that the deceased was brought to his place of business about 3:30 o'clock in the afternoon of April 10th; that the deceased died some three or five minutes after he was brought to the hospital. Upon examination the doctor found that the neck of the deceased had been broken. The doctor testified: "There was a protrusion on the right side of his (deceased's) neck below his ear, and the jaw bone was dislocated; the lower jaw bone."

Appellant testified that he had been employed by the Government on a P. W. A. project; that he had been laid off and went to get his money on April 10th. He remonstrated with the deceased for having been laid off, and the deceased replied that it must have been done through mistake. Appellant called the deceased a "G—— d—— liar." Deceased struck at appellant but missed him, and a fight ensued. When deceased was first struck by the appellant, he fell back between the building and some concrete slabs. Appellant testified that he had no intention of killing the deceased; that they engaged in an ordinary fist fight; that he had no hard feelings against the deceased. Appellant admitted that he had been drinking whisky previous to the difficulty.

From our examination of the record, we are of the opinion that the evidence does not warrant a prosecution for negligent homicide. If the appellant was guilty, it was for some degree of assault to be determined by the jury under appropriate instructions by the court. See Joy v. State, 57 Tex.Cr.R. 93, 123 S.W. 584; Bookman v. State, 112 Tex.Cr.R. 233, 16 S.W.(2d) 123; Miller v. State, 112 Tex.Cr.R. 125, 13 S.W.(2d) 865.

The judgment is reversed and the cause remanded.

### ADAMS et al. v. STATE.
### No. 18680.

Court of Criminal Appeals of Texas.

Dec. 23, 1936.

Woolworth & Turner and Sam T. Holt, all of Carthage, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

. Theft of cattle is the offense; penalty assessed at confinement in the penitentiary for two years.

The record is before us without statement of facts or bills of exception. No error has been perceived justifying discussion or authorizing a reversal.

The judgment is affirmed.