### EDGAR O'MARY V. THE STATE.

No. 20774. Delivered February 21, 1940.
On Appellant's Motion for Rehearing March 27, 1940.
State's Motion for Rehearing Denied May 15, 1940.

The opinion states the case.

*Wayne Somerville,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft; the punishment, confinement in the penitentiary for two years.

The statement of facts accompanying the record can not be considered by this court for the reason that same was not filed within the time prescribed by Art. 760, C. C. P. The appellant's motion for new trial was overruled and notice of appeal given July 31, 1939. The statement of facts was not filed in the trial court until February 10, 1940, which was 194

days from the date on which notice of appeal was given. See Williams v. State, 112 S. W. (2d) 184.

In the absence of the statement of facts, we are unable to appraise appellant's bills of exception.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The appellant was convicted in the District Court of Montague County for the theft of a gun alleged to be of the value of $53.00, and was given two years in the penitentiary.

At the time the original opinion in this case was delivered on February 21, 1940, it appeared that the statement of facts had been filed 194 days from the date on which notice of appeal was given. For that reason and because the bills of exception could not be properly appraised in the absence of the statement of facts, the case was affirmed.

A motion for rehearing has been filed from which it appears that the appellant, who was represented on his trial by an attorney appointed by the court, had timely applied for a statement of facts and believed that it was properly filed. The condition of the record was discovered, and this court, under the facts of this case, permitted a correction to be made, but this was not called to the court's attention at the submission of the case. The statement of facts will now be considered as if filed on September 18, 1939.

As corrected, the record is perfectly clear that nothing more than a suspicion against the appellant is shown. He lived at Wichita Falls and was traveling with his brother. They stopped in the town of St. Joe. While appellant was on the street looking at some pictures in front of a picture show, his brother entered a hardware store, took a gun and attempted to escape with it. It appears that the proprietor recovered the gun but that the brother jumped in the car and fled, leaving appellant on the street. No one saw the appellant in the hardware store. It is not shown just how close he was to it. He was never seen with the gun, nor with his brother while he

had it in his possession. They were arrested together in Nocona a few hours later.

For the reasons stated, the motion for rehearing is granted and the cause is reversed and remanded.

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

In the motion for rehearing the State insists that we were in error in holding the evidence insufficient to support the conviction. We have again examined the record, and remain of opinion that the evidence failed to exclude every other reasonable hypothesis except that of appellant's guilt. We quote from Branch's Ann. Texas P. C., Section 1877, as follows:

"To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. Tollett v. State, 44 Texas 95. Porter v. State, 1 Texas Crim. App. 399. Jones v. State, 4 Texas Crim. App. 436. Gill v. State, 36 Texas Crim. Rep. 595; 38 S. W. 190. Clifton v. State, 39 Texas Crim. Rep. 619; 47 S. W. 642."

We think the testimony does no more than to raise a suspicion that appellant participated in the commission of the offense.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.