## ARTHUR SNOWDEN V. THE STATE

No. 21453. Delivered February 26, 1941.
Motion to Reinstate Appeal Granted March 26, 1941.

The opinion states the case.

*Victor Gleckler,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is misdemeanor theft; the punishment, a fine of twenty-five dollars and confinement in jail for one day.

After the adjournment of court appellant executed an appeal bond which was approved by the county clerk. It was not approved either by the county judge or the sheriff. Hence this court is without jurisdiction. Article 830, C. C. P., reads as follows:

"When the defendant appeals in any misdemeanor case to the Court of Criminal Appeals, he shall, if he be in custody, be committed to jail unless he enter into recognizance as provided by law. If for any cause the defendant fails to enter into recognizance during the term at which he was tried, but gave notice and took an appeal from such conviction, he shall be permitted to give bail and obtain his release from custody by giving, after the expiration of such term of court, his bail bond to the sheriff with two or more good and sufficient sureties, in which the defendant and his sureties shall acknowledge themselves severally indebted to the State of Texas in the sum conditioned as provided in recognizance on appeal. Before the defendant shall be released on such bail bond the same must be approved by the sheriff or the judge trying the cause or his

successor in office. When such bail bond is so given and approved, the defendant shall be released from custody."

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

BEAUCHAMP, Judge.

The motion to reinstate the appeal is granted.

The appeal is from a conviction in the county court of Travis County assessing a penalty of $25.00 and one day in jail on a charge of theft.

The prosecution relies upon the testimony of the witness W. F. Flow who testified to seeing appellant and one Turner together in an automobile on August 23, 1940, at about 8 o'clock in the evening. They were driving west on Fifth Street. They then drove back east, making several stops. At 600 Neches Street he stopped and got out and left the car after having a conversation with Turner. While he was gone the witness saw Turner working on a Dodge Sedan that was parked nearby. Later appellant came back and both got into his car and, after driving about a block, Snowden again left. Turner took some tire tools out of the car and went across the street where he took a wheel and tire off of another car and carried it to the Snowden car, at which point he was arrested by the witness. Snowden was not present and apparently was not close by, as the officer took Turner in custody and carried him away without Snowden. Later, however, the officer arrested appellant at the corner of Sixth and Neches Streets. The witness testified, "No, I did not see Snowden anywhere around there while Turner was removing the tire and wheel from the car and putting it into Snowden's car."

The owner of the car was called and testified that he did not give appellant or any other person permission to take the tire and wheel from his car. Appellant, testifying in his own behalf, accounts for his acts and conduct on that occasion by saying that he had loaned his car to Turner to make a trip to some other place in the city, and at the particular time he was looking for a young lady whom he was to meet near that place to take to visit in his home. After being delayed, he let Turner have the car and did take the young lady in a ten cent taxi

to his home where he got the money from his mother to pay the fare, and then returned to town and was waiting for Turner's return when arrested by the officer. In this he was corroborated by his mother. He declares that he had no knowledge of the theft nor of Turner's intention to commit it. Turner, who was serving a sentence in jail, also testified in defendant's behalf and took entire responsibility for his acts, declaring that appellant was not there and knew nothing of what he was going to do, and did do, and otherwise corroborated appellant's story leading up to the theft.

We do not view the evidence as sufficient to warrant the jury in returning a verdict of guilty. At most, the State proved only suspicious circumstances. (O'Mary vs. State, 139 S. W. (2d) 800.)

The judgment of the trial court is reversed and the cause remanded.