## L. T. WATSON V. THE STATE.

No. 23202. Delivered October 31, 1945.

The opinion states the case.

*Baker & Baker* and *R. E. Murphey,* all of Coleman, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Murder without malice is the offense; the punishment two years in the penitentiary.

According to the State's testimony, appellant and deceased met on one of the principal streets of Coleman when appellant was seen to remove his leather jacket, throw it onto the hood of an automobile and, without justification or excuse, attack the deceased with his fist, striking him two or three licks about the chin and right side of the head in the region of the temple. As a result of these licks, deceased "crumpled" or "slumped" to the pavement. Appellant made no further attack on the deceased while he was down but he did say to him, "Get up and fight." A deputy sheriff came up and asked appellant what the trouble was, to which inquiry appellant replied, "I knocked him down, that is what." The deputy sheriff then helped deceased to arise

and led him to the court house. Deceased was able to walk but "was kind of wobbly." One witness testified that appellant helped deceased up from the pavement; this, however, was denied by the deputy sheriff.

Appellant accompanied deceased and the deputy sheriff to the courthouse. Later the deputy sheriff, assisted by appellant, carried deceased to his home. Deceased soon lapsed into unconsciousness and died of concussion of the brain about ten hours after the difficulty. The attending physician expressed the opinion that the concussion was the result of an injuiry to the head.

Deceased was twenty-four years of age and weighed about two hundred pounds. The appellant was thirty-six years of age and weighed about two hundred fifteen pounds.

There is no suggestion that the injuries received by deceased, of which he died, were occasioned by his falling upon the pavement, or by any means other than the licks inflicted by appellant's fist. There is no testimony suggesting antecedent grudges, ill-feeling, or motive for appellant to kill, or desire to kill, the deceased.

Appellant, testifying as a witness in his own behalf, claimed that the difficulty arose out of a dispute as to the amount deceased had agreed to pay as damages to the appellant's car occasioned by deceased backing his car into that of appellant four days prior. It was insisted that during this dispute, deceased called appellant a damned liar and attempted to strike him with his fist and that appellant, in striking the deceased, acted in his own self-defense from that attack. Appellant denied any intent to kill.

It is insisted that the facts are insufficient to support the conviction for murder, because of the absence of any testimony evidencing an intent to kill. .

Murder is the voluntary or intentional killing of a person without justification or excuse. The intent to kill is either presumed or established by the facts. Where the instrument used— as in the instant case—is not one which, in the mode and manner of its use is calculated to produce death or serious bodily injury, the burden is upon the State to establish, beyond a reasonable doubt, the intent to kill.

Under the facts here presented, we are unable to reach the

conclusion tht the State has met that burden. The following cases sustain that conclusion: Hawkins v. State, 115 Tex. Cr. R. 163, 29 S. W. (2d) 384; Allison v. State, 131 Tex. Cr. R. 428, 99 S. W. (2d) 917; Spivey v. State, 171 S. W. (2d) 140; McDonough v. State, 178 S. W. (2d) 863.

Because the evidence is insufficient to support the conviction for murder, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.