Billy Ray HUGHES, Appellant,

v.

The STATE of Texas.

No. C14–81–024–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 17, 1981.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This appeal arises from a conviction for burglary of a building while armed with a deadly weapon. The jury assessed punishment at thirty (30) years confinement in the Texas Department of Corrections, as a result of an enhancement for a prior felony conviction. We find no error in the judgment below and we affirm.

On March 16, 1979, Thomas Easley, assistant chief to the building manager of the San Jacinto Building in downtown Houston, was working in his basement office when he observed the appellant standing in the adjacent engine/locker room. Easley called his assistant, Ed Boughal, and two men proceeded to the engine/locker room, only to see appellant exit through an opposite door. Easley and Boughal followed appellant into the L&C Cafeteria, where he was stopped and "ushered" back to the engine/locker room. While waiting for a police officer to arrive, appellant was questioned about the missing contents of some open lockers. Appellant denied any knowledge of the missing contents and claimed he was in the room only to use the restroom. After a few minutes of "forceful" questioning, Easley left the room to let in the police officer, leaving Boughal to guard appellant. Boughal and appellant became involved in a struggle in which a gun was drawn and fired. Easley and the police officer entered the room and saw appellant standing over Boughal with the gun in his hand. Appellant dropped the gun on demand and was arrested. A search of this person revealed an amount of money approximating that missing from the lockers.

Evidence revealed the engine/locker room was not open to the public. Fred Whitty, building manager of the San Jacinto Building, testified the engine/locker

room was posted with a sign indicating the area was closed to the public, and that only employees of the building were allowed in the room. There was no testimony to the effect appellant had permission to enter the engine/locker room.

Appellant raises three grounds of error on appeal. First, appellant claims the evidence is insufficient to show beyond a reasonable doubt the building which serves as the basis of the burglary charge was not open to the public when entered. Second, the appellant claims there is a fatal variance between the language of the indictment and the proof offered at trial. Third, appellant asserts the trial court committed reversible error in admitting proof of a nonadjudicated offense over the objection of his counsel. Appellant argues his first two grounds together and we will consider them in conjunction with each other.

Appellant's first argument centers around the indictment. Appellant was charged, and the jury instructed, with burglary by entering a building not then open to the public. Appellant asserts the evidence conclusively revealed the San Jacinto Building was open to the public, since he was stopped in a public cafeteria during lunch time. While the evidence may show the engine/locker room was not open to the public, this was not charged in the indictment. Therefore, appellant argues, a fatal variance exists between the indictment and the proof which serves as the basis of conviction. As a result, appellant argues, this proof is insufficient to show beyond a reasonable doubt he entered a *building* not open to the public.

■ Before this court can examine the sufficiency of the evidence to support the conviction, we acknowledge some well established principles of law. Any contention that the evidence was insufficient to support a conviction beyond a reasonable doubt raises concerns of constitutional dimensions. The requirement of proof of guilt beyond a reasonable doubt in state criminal matters was given federal constitutional stature and protection in the case of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368

(1970). There, the United States Supreme Court held the due process clause of the 14th Amendment to the United States Constitution protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id.* at 364, 90 S.Ct. at 1073. This State also recognizes this long standing principle of Anglo-American justice through Article 38.-03 of the Texas Code of Criminal Procedure, which mandates a defendant in a criminal case is presumed innocent until guilt is established by legal evidence beyond a reasonable doubt.

■ The Texas Court of Criminal Appeals has established some guidelines for reviewing grounds of error asserting insufficiency of the evidence. When the sufficiency of the evidence to support a conviction is challenged, appellate courts must view the evidence in a light most favorable to the jury verdict. *Drager v. State*, 548 S.W.2d 890 (Tex.Cr.App.1977); *Clark v. State*, 543 S.W.2d 125 (Tex.Cr.App.1976). Appellate courts may consider all the evidence, whether presented by the defendant or the State, in their review of the case. *Drager, supra.* For evidence to amount to proof beyond a reasonable doubt two elements must exist. First, it must be shown the offense was actually committed. Second, the proof must amount to a degree of certainty greater than a mere possibility or a strong suspicion that the defendant committed the offense. *O'Mary v. State*, 139 Tex.Cr.R. 294, 139 S.W.2d 800, 802 (1940). In addition, for this proof to satisfy the constitutional due process considerations of *In Re Winship*, the record must reveal the existence of sufficient evidence at trial to justify a rational trier of facts finding, beyond a reasonable doubt, each essential element of the offense. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ With these standards in mind we address appellant's claim the evidence was insufficient to show beyond a reasonable doubt he entered a building not then open to the public, and that there is, therefore, a

fatal variance between the proof and the indictment. The indictment charged appellant did "then and there unlawfully with intent to commit theft, enter a building not then open to the public." V.T.C.A., Penal Code, Section 30.02, "Burglary" provides in pertinent part:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft;

Appellant urges Section 30.02(a)(1) provides two distinct methods of committing burglary: (i) entering a building not then open to the public; and (ii) entering any portion of a building not then open to the public. Appellant maintains these methods are as separate and distinct as the actions prohibited in the remaining two subsections: (2) remaining concealed in a building or a habitation with intent to commit felony or theft; and (3) entering a building or habitation and committing or attempting to commit a felony or theft. Since the evidence showed only the engine/locker room was closed to the public, appellant claims a fatal variance exists.

We do not agree with appellant's construction of Section 30.02. We read the statute as only providing three methods of committing burglary in Texas. One method is to enter a building, or any portion of a building, not open to the public with the intent to commit a felony or theft. It was under this "method" the appellant was charged and convicted. Even though the evidence indicated some areas of the San Jacinto Building were open to the public (e.g., the cafeteria), the evidence is clear the engine/locker room was a portion of the building not open to the public. The evidence supports the charge appellant entered the room, without the effective consent of the owner, with the intent to commit theft. This proof comes under first "method" enumerated in Section 30.02(a)(1) and supports the indictment.

This holding finds support in the case of *Williams v. State*, 537 S.W.2d 936 (Tex.Cr. App.1976). There, the defendant was convicted of burglary of a building (hospital) when the evidence only showed entry into a room not open to the public (chaplain's office). The defendant in *Williams* complained of a variance between the indictment, which omitted the "or any portion of the building" clause, and the charge, which included the clause. The Court of Criminal Appeals affirmed the conviction, holding there was sufficient evidence to convict the defendant of burglary of a building under Section 30.02 by showing the chaplain's office was not then open to the public. *Id.* at 938. Evidence which will show entry into a room which is closed will support a conviction for burglary of a building even though the outer doors of the building are unlocked. *Id.* at 940.

Therefore, after viewing all the evidence in the light most favorable to the verdict, we hold there was sufficient evidence presented at trial whereby the jury could have found, beyond a reasonable doubt, the appellant entered a building not then open to the public. Since Section 30.02(a)(1) enumerates a single method of committing burglary, and evidence of an illegal entry of a closed room will support a conviction for burglary of a building, there was no variance between the indictment and the proof offered at trial. *Williams*, at 940. Grounds of error one and two are therefore overruled.

■ Appellant asserts in his third ground of error the trial court committed reversible error in admitting proof of a nonadjudicated offense at the punishment stage of the trial. The State introduced into evidence a "penitentiary packet" containing the judgment and sentence of the offense alleged in the indictment for the purposes of enhancement. The penitentiary packet reveals a conviction for burglary of a habitation with intent to commit theft, with a probated sentence. The probation was later revoked and the original sentence imposed based on the commission of a second burglary. While the penitentiary packet also contains a copy of the Order Revoking Probation

and Sentence, no judgment or proof of adjudication of the second burglary is included. Appellant contends by this omission the penitentiary packet contains evidence of a nonadjudicated offense, since there is no proof of a conviction revoking probation.

We find it unnecessary to consider this claim because no error is preserved for review. Appellant objected to a portion of the penitentiary packet claiming it was misleading to the jury. This objection was different from the one he now raises on appeal. Appellant's objection did not specify how the contents of the packet were misleading, and no mention was made of a non-adjudicated offense. Therefore, the objection does not comport with this ground of error. The objection was general and presents no error. *Smith v. State,* 571 S.W.2d 168 (Tex.Cr.App.1978). As nothing is preserved for review this ground is overruled. Tex.Code Crim.Pro.Ann. art. 40.09.

It has been brought to our attention the sentence in this case incorrectly reflects punishment was assessed at not less than five (5) years nor more than thirty (30) years in the Texas Department of Corrections. Appellant was found guilty of a first-degree felony which was enhanced by a prior felony conviction. Such a conviction carries with it the penalty of confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years. Tex.Penal Code Ann. § 12.42(b) (Vernon 1974). The sentence should therefore read "not less than fifteen (15) years nor more than thirty (30) years in the Texas Department of Corrections. Pursuant to our new found authority under Tex.Code Crim.Pro.Ann. art. 44.24(b) (Vernon 1979), we reform sentence to reflect the correct punishment. A copy of the mandate reflecting this reformation shall be sent to the Texas Department of Corrections.

Judgment affirmed and sentence reformed.