Jimmy Darling REESE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09-82-026 CR.

Court of Appeals of Texas, Beaumont.

April 13, 1983.

Michael M. Essmyer, Houston, for appellant.

James H. Keeshan, Dist. Atty., Conroe, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted for murder, convicted of the lesser included offense of voluntary manslaughter, and sentenced to serve eleven (11) years in the Texas Department of Corrections. This appeal presents three (3) grounds of error for review.

■ After perusing the record, we agree with appellant's second ground of error, that the evidence is insufficient to support a finding of guilt; specifically, the evidence is insufficient to show either the essential element of intent on the murder charge or that appellant caused the death under the influence of sudden passion arising from an adequate cause to support his voluntary manslaughter conviction.

■ The Court of Criminal Appeals has held that:

"Causing death 'under the immediate influence of sudden passion arising from an adequate cause' is in the nature of a defense to murder that reduces the offense to the lesser included offense of voluntary manslaughter, and the State need not prove such influence beyond a reasonable doubt to establish voluntary manslaughter, but that if raised by the evidence it must prove the absence of such influence beyond a reasonable doubt to establish murder."

*Braudrick v. State,* 572 S.W.2d 709, 711 (Tex.Cr.App.1978), cert. denied, 440 U.S. 923, 99 S.Ct. 1252, 59 L.Ed.2d 477 (1979). Thus, for a voluntary manslaughter conviction to stand, the evidence must be sufficient to prove the defendant committed acts that otherwise would constitute murder [*Valore v. State,* 545 S.W.2d 477, 480 (Tex. Cr.App.1977) ]; then the defendant is to present his voluntary manslaughter defense, that he was acting "under the influence of sudden passion arising from an adequate cause." *Tex.Penal Code Ann. § 19.- 04(a)* (Vernon 1974). And evidence sufficient to show murder will support the lesser included offense of voluntary manslaughter. *Nelson v. State,* 573 S.W.2d 9 (Tex.Cr. App.1978); *Curtis v. State,* 573 S.W.2d 219, 221 (Tex.Cr.App.1978); *Bodeker v. State,* 629 S.W.2d 65, 66–67 (Tex.App.—Dallas 1981, writ ref'd).

The record reflects that appellant stopped by Vivian's Lounge at approximately ten o'clock in the morning (10:00 A.M.) to buy a pint of vodka and happened to meet James Coyle and Douglas Doyle, two of his long time acquaintances. Appellant had known Doyle, the deceased, for eight years at the time of trial. The men spent the day together, drinking and playing guitar. No

evidence of ill will between Reese and Doyle was presented at trial; there was no evidence presented that the men had been arguing. Later that afternoon after the three had consumed the vodka and some beer, they returned to Vivian's Lounge to barbeque on one of that establishment's grills.

According to Reese, he decided to drive up the road to invite another man to join in the evening meal and informed Doyle and Coyle of where he was going. Reese then backed up his car, hit a pole, and continued to drive out onto the highway in a circular path. He claims to have been looking at oncoming highway traffic and, therefore, did not notice that Doyle had apparently walked in front of the car and landed on its hood until the instant he entered the highway, when he saw Doyle's face in the windshield. Once on the highway, appellant claims he let up on the accelerator and steered the automobile onto the shoulder of the road and was almost hit by a passing van. Consequently, he applied the brakes; Doyle then fell off the hood and landed under the right front tire. He got out and tried to pull Doyle out from under the car, whereupon Coyle ran to the scene from the barbeque area and backed the car off of Doyle's body.

State's witness Shirley Walker testified that she was attracted to the scene when she heard Reese's car hit the pole. She said that appellant's car came straight at Doyle and that Doyle was suddenly spread eagle on top of the hood. She could not see whether appellant tried to run Doyle over or whether Doyle had jumped on the hood. The car kept jerking, making quick stops and starts; this made her suspicious that the resulting harm had been intentionally committed. She then lost sight of the vehicle for a moment, and the next thing she saw was Reese trying to pull Doyle out from under the car. She, Coyle, and Davidson, who was working in the bar at the time, ran to the scene whereupon Coyle backed the car off of Doyle. After an ambulance was called, she allegedly asked Reese why he would want to do such a thing to which Reese allegedly replied,

"[T]his will teach the smartass SOB, this will teach the smartass sorry SOB." Reese denied that this conversation occurred.

State's witness Marie Spacks testified that she heard the car's motor rev as she saw a man walk in front of it and that the vehicle then lunged at the man whereupon he jumped on its hood. She said that "he [appellant] was hitting the brakes and gunning it," and that when the car reached the highway, cars were coming and they were almost hit by a van. Reese and Doyle were only on the road for seconds, and, as soon as they were off the highway, appellant threw on the brakes. Doyle slid off onto his feet and would have had time to get out of the stopped vehicle's path if it had not started up again.

Richard Renya, a detective with the Sheriff's Department, testified that he took a statement from appellant which, in part, reads:

"As I drove forward, Doyle ... jumped on the hood.... It really made me mad that he did that because I just wanted to get away from that place.... I guess I panicked as I applied the brakes."

Reese denied that the above quoted material was derived from his conversation with Renya. Reese's original handwritten statement, on which the typewritten copy offered into evidence was allegedly based, could not be produced at trial because it had been lost.

■ We do not believe that the evidence presented proves either Reese's intent to kill or cause serious bodily injury. An automobile is not a deadly weapon, per se, and, therefore, the intent to kill may not be presumed in a murder prosecution in which the instrumentality is an automobile. Such intent must be shown circumstantially. *Palafox v. State*, 484 S.W.2d 739, 743 (Tex.Cr. App.1972). Where the instrument used in killing a person is not one calculated in mode or manner of its use to produce death or serious bodily injury, the *burden* is *on the State* to establish the user's intention to kill *beyond a reasonable doubt* to warrant his conviction of murder. *Watson v. State*,

148 Tex.Cr.R. 589, 189 S.W.2d 1020 (1945). (Emphasis added.) The burden of proof is on the State in a criminal case, and it is incumbent on the State to prove every element of a charged offense. *Wright v. State,* 603 S.W.2d 838, 840 (Tex.Cr.App. 1979). This, we feel, the State did not do.

 And, although the jury in a criminal case may accept some of a witness's testimony and reject the remaining part, *Valore v. State,* supra; *Ables v. State,* 519 S.W.2d 464, 465 (Tex.Cr.App.1975); *Esquivel v. State,* 506 S.W.2d 613, 615 (Tex.Cr. App.1974), and may believe some witnesses and refuse to believe others, *Esquivel v. State,* supra, a jury may not reach a verdict based on speculation. Proof which amounts only to a strong suspicion or mere probability is insufficient to convict. *Swink v. State,* 617 S.W.2d 203, 207–208 (Tex.Cr.App. 1981), cert. denied, 454 U.S. 1087, 102 S.Ct. 648, 70 L.Ed.2d 624 (1981); *McCarron v. State,* 605 S.W.2d 589, 592–593 (Tex.Cr.App. 1980). A conviction based on circumstantial evidence cannot be sustained unless the circumstances exclude every other reasonable hypothesis except that the accused is guilty. *McCarron v. State,* supra; *Duff v. State,* 546 S.W.2d 283, 287 (Tex.Cr.App.1977). We believe that the jury engaged in rank speculation in convicting appellant under the facts of this case; we believe that none of the evidence presented could warrant the jury's conclusion that appellant had the criminal intent necessary to sustain a finding of guilt. We agree with the Court of Appeals, Fourteenth District, that sufficiency of the evidence contentions regarding the reasonable doubt standard as a basis for conviction in State criminal matters has federal constitutional stature. *Hughes v. State,* 625 S.W.2d 827, 829 (Tex.App.— Houston [14th Dist.] 1981, no writ); therefore, it is with a keen ear that we heed the United States Supreme Court mandate that we are to carefully guard against the dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt. *Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126, 130 (1976).

Finally, we can find no evidence in the record of sudden passion based on adequate cause to support a voluntary manslaughter conviction. But firstly, the State must have proven up the offense of murder to sustain the voluntary manslaughter conviction, since voluntary manslaughter is merely a defensive tack to a murder prosecution. *Braudrick v. State,* supra, and this they did not do. Consequently, the voluntary manslaughter conviction cannot stand.

We sustain appellant's second ground of error and order that appellant is acquitted.