Rickey FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–84–0088–CR.

Court of Appeals of Texas,
Tyler.

Oct. 17, 1985.

Discretionary Review Denied
Oct. 15, 1986.

**538**

Barry John Brooks, Lufkin, for appellant.

Henry Wade, Criminal Dist. Atty., Dallas, for appellee.

BILL BASS, Justice.

The jury convicted appellant of unauthorized use of a vehicle but acquitted him of the charge that he failed to remain at the scene of the accident and render aid. His punishment (enhanced under TEX.PENAL CODE ANN. § 12.42[d] [Vernon Supp. 1985]) was assessed by the court at thirty years. Appellant contends that the court erred when it: (1) enforced "the rule" by refusing to allow two alibi witnesses to testify for the defense;[1] (2) entered judgment against him based on inconsistent jury findings; and (3) entered judgment against him when the evidence was insufficient to establish his guilt. We affirm.

On September 30, 1983, Joseph Ford left work at the State Fair grounds in Dallas after locking his 1977 Ford pickup truck inside a building on the grounds. When he returned to work the next morning, he discovered that his truck was missing. He immediately notified the police and gave them a description of the truck and its license number. Shortly thereafter, at approximately 10:30 a.m., two police officers saw a truck which matched the license number and description of the missing truck and they began following it in their patrol car. After the truck entered the parking lot of the South Park apartment complex, the officers left their car and started to approach the truck. However, the driver quickly put the truck in reverse and attempted to flee, colliding with another police car that had just arrived at the scene. The stolen truck careened from off of the police vehicle into a trash dumpster, driving the dumpster over twenty feet into a parked Honda Civic. A utility pole arrested the further progress of the Honda, the dumpster and the stolen truck. The dumpster also struck a bystander in its path, severely fracturing her leg. The record does not show that the driver of the truck knew that a bystander was hit or injured. After the collision, the driver of the truck jumped from the truck and ran toward the apartment complex where the officers lost sight of him. The officers arrested appellant minutes later in one of the apartments in the complex.

At the trial, the court placed the witnesses under the rule at appellant's request. During the presentation of the State's case, three police officers positively identified appellant as the driver of the pickup. After the State rested, appellant called his brother, Christopher Franklin, to the stand, but the State objected to his testimony on the ground that he had been in the courtroom in violation of the rule during the presentation of the State's case. Under questioning by the court, Franklin admitted that he had heard portions of the police officer's testimony. Appellant's counsel told the court that he was unaware that Franklin and another witness, William Johnson, had been in the courtroom in violation of the rule, and he asked the court to allow the witnesses to testify because their testimony would be material to appellant's defense. Out of the jury's presence, he also told the court in some detail what he expected to prove through Franklin's and Johnson's testimony. Without reciting the details, their testimony would have corroborated appellant's alibi defense between approximately 7:30 a.m. and 10:30 a.m., the time of his arrest. The State pointed out that the two witnesses had been in the courtroom and had heard the officers testify concerning the identification of appellant and the time period within which the offenses had occurred. The court refused to allow Franklin and Johnson to testify.

■ By his first ground, appellant contends that the court violated his constitutional right to the compulsory attendance of witnesses when it refused to allow

---

1. *See* TEX. CODE CRIM.PROC.ANN. arts. 36.03, 36.04 (Vernon 1981).

Franklin and Washington to testify.[2] He also argues that the court abused its discretion when it excluded their testimony. Appellant supports his contentions by citing *Washington v. State of Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), and *Braswell v. Wainwright*, 463 F.2d 1148 (5th Circuit 1972). This ground cannot be sustained.

■ The right of an accused under the Sixth Amendment to offer witnesses on his behalf and to compel their attendance, if necessary, is applicable to the states through the Fourteenth Amendment. *Washington*, 87 S.Ct. at 1927. However, the right is not absolute. *Weaver v. State*, 657 S.W.2d 148, 150 (Tex.Cr.App.1983). In *Washington*, the United States Supreme Court held that Washington's right to compulsory process under the Sixth Amendment had been violated because the State had "arbitrarily denied him the right to put on the stand a witness who was physically and mentally capable of testifying to events that [the witness] had personally observed, and whose testimony would have been relevant and material to [Washington's] defense."[3] *Washington*, 87 S.Ct. at 1925. However, in *Braswell*, the trial court had refused to allow a witness to testify because he had remained in the courtroom in violation of the rule during the presentation of the State's case. The excluded witness, who was the only person who could have corroborated Braswell's claim that he had acted in self-defense, had innocently violated the rule without the knowledge of Braswell or his counsel. Based on the "particular and extraordinary circumstances presented," including the "crucial" nature of the excluded testimony, the Fifth Circuit Court of Appeals held that the trial court had used the rule to violate Braswell's right to compulsory process under the Sixth Amendment. *Braswell*, 463 F.2d at 1157.

■ Appellant contends that *Braswell* is analogous and therefore dispositive of the

first ground. The cases are somewhat similar. In both *Braswell* and the instant case, the violations of the rule were unintended and without the "consent, connivance, procurement or knowledge of the defendant or his counsel." However, in *Braswell*, the excluded witness was the only person who could have corroborated Braswell's claim of self-defense. *Id.* at 1155. Therefore, the court properly characterized the testimony of the excluded witness as "crucial" to Braswell's defense. *Id.* at 1156. The excluded testimony was so crucial, in fact, the court held that the trial court had used the rule to deny Braswell's constitutional right to present a defense. *Id.* at 1157. In contrast, in addition to his mother's testimony, appellant's defense was supported by Kevin Gillespie, who testified that he ran to his balcony in the apartment complex after hearing a crash and saw police officers chasing a man who ran from the pickup involved in the collision. Gillespie, who had known appellant for many years, testified that he was sure that the appellant was not the man being chased by the officers. Appellant's own testimony suggests other witnesses he might have called to corroborate his alibi. However, when the court excluded Franklin and Johnson from testifying, appellant neither alleged nor offered any proof that he was unable to get other witnesses. Absent a showing that the rule's enforcement deprived the appellant of the only practical means of making his defense, this court will not characterize the excluded testimony as crucial. When the excluded testimony is not crucial to the defense, the enforcement of the rule does not violate the accused's right to compulsory process under the Sixth Amendment to the constitution of the United States or Article 1 § 10 of the Constitution of Texas. *See Marshburn v. State*, 491 S.W.2d 663, 667 (Tex.Cr.App.1973) (on motion for rehearing).

---

**2.** *See* Tex. Const. art. I, §§ 10, 19, and U.S. Const. amend. VI.

**3.** The conflict in *Washington* was between the Sixth Amendment right to compulsory process

and a state procedural statute that prohibited principals, accomplices or accessories in the same crime from testifying as witnesses for each other.

■ We also reject appellant's argument that the court abused its discretion in excluding the testimony of Franklin and Johnson. The appellant invoked the rule. Franklin and Johnson both heard the testimony of the state's witnesses that related most closely to the testimony they planned to give. It is common knowledge that when witnesses are interviewed together each witness' account of an event will conform much more closely to the others than if they are examined separately. The premise underlying the rule is that the truth is more likely to be reached by presenting the jury each witness' unalloyed, independent version of an occurrence uncolored by previous testimony in the trial. Even the most righteous truthteller may be unconsciously influenced. And to allow each succeeding witness to harmonize his story with those who precede him would undermine the test of cross-examination. The value of the rule in protecting testimonial integrity was acknowledged by the Supreme Court in the *Washington* opinion.

■ The enforcement of the rule rests within the discretion of the trial court and its decision will not be reversed unless a clear abuse of discretion is shown. *Green v. State,* 682 S.W.2d 271, 294 (Tex.Cr.App. 1984). An appellate court must presume that the court has properly exercised its discretion until the contrary is shown. *Tijerina v. State,* 460 S.W.2d 123, 124 (Tex. Cr.App.1970). After applying the above rules to the facts presented, we cannot say that the court abused its discretion when it enforced the rule by excluding the testimony of Franklin and Johnson. Accordingly, we overrule the first ground of error.

In his second ground of error, appellant contends that the court erred when it entered judgment against him based on inconsistent jury verdicts. Specifically, he argues that his conviction for unauthorized use of a vehicle must be set aside because the jury found him "not guilty" of the charge that he had failed to remain at the scene of the collision and render aid. Because both charges arose simultaneously out of the same transaction, appellant rea-

sons that: (1) the only contested issue presented to the jury was the identity of the person who drove the truck; and (2) because the jury found that he did not fail to remain at the scene of the collision and render aid, the jury impliedly found that he was not the person who had made an unauthorized use of the truck. This ground must also be overruled.

■ "A jury finding of 'not guilty' does not imply a negative or adverse finding on *each* element of an offense; such a verdict may just as well indicate that the State had failed to prove any *one* element of the offense beyond a reasonable doubt." *Meeks v. State,* 653 S.W.2d 6, 10 (Tex.Cr. App.1983). Therefore, the jury's verdict of "not guilty" of the charge of failure to stop and render aid did not necessarily imply that the jury had found that he was not driving the truck. At the beginning of the trial, the judge read the indictments of both offenses to the jury, instructing them that if they were to find the defendant guilty of the charge of unauthorized use of a vehicle, they must find: "That the [defendant] ... did knowingly and intentionally operate a motor vehicle ... without the effective consent of ... the owner." In comparison, if they were to find the defendant guilty of the charge of the failure to stop and render aid, they must find:

> That ... [defendant] did unlawfully while the driver of ... an automobile ... did strike a trash dumpster ... which as a result of being so struck did strike ... complainant and did thereby injure the person of complainant and the ... Defendant did then and there knowingly and intentionally fail to stop and render aid to said complainant all reasonable assistance and did then and there knowingly and intentionally fail to make arrangements for the carrying of the ... complainant to a physician ... for ... medical and surgical treatment which appeared necessary by reason of the said injury received....

The jury could have rationally convicted appellant of the unauthorized use of the truck, believing beyond a reasonable doubt that he was the person driving the vehicle,

and yet have acquitted him of the charge that he had failed to remain at the scene and render aid, by finding that the State had failed to prove one of the elements of that offense beyond a reasonable doubt. *See Hite v. State,* 650 S.W.2d 778, 784 (Tex.Cr.App.1983). This being true, appellant erroneously concludes that his acquittal negated his conviction because of inconsistent verdicts.

Appellant contends in ground three that the court erred when it entered a judgment against him on evidence that was insufficient to establish his guilt. This ground also lacks merit. When the sufficiency of the evidence is challenged, an appellate court must view the evidence in the light most favorable to the verdict. *Esquivel v. State,* 506 S.W.2d 613, 615 (Tex.Cr.App. 1974). Furthermore, the verdict must be sustained if there is probative evidence on all of the elements necessary to establish the commission of the offense by the defendant, which, if believed by the jury, would justify a finding of guilty beyond a reasonable doubt. *Vera v. State,* 499 S.W.2d 168, 171 (Tex.Cr.App.1973). In determining whether the State has proved the accused's guilt beyond a reasonable doubt, two elements must be considered by the reviewing court: (1) the proof must show that the offense was actually committed; and (2) the proof must show beyond a mere possibility or strong suspicion, that the accused was the person who committed the offense. *O'Mary v. State,* 139 Tex.Crim.R. 294, 139 S.W.2d 800, 802 (1940).

Appellant was convicted of unauthorized use of a vehicle. *See* TEX. PENAL CODE ANN. § 31.07 (Vernon 1981). The elements of this offense are: (1) a person (2) intentionally or knowingly (3) operates a motor-propelled vehicle (4) without the effective consent of the owner. *Musgrave v. State,* 608 S.W.2d 184, 189 (Tex.Cr.App.1980) (on State's motion for rehearing). As far as the evidence is concerned, Ford testified that he did not give appellant consent to operate the vehicle. Furthermore, three police officers positively identified appellant as the driver of the truck. We hold that this evidence is legally sufficient to support appellant's conviction. Ground three is overruled.

Affirmed.