Raymundo **VENEGAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–93–288 CR.

Court of Appeals of Texas, Beaumont.

June 8, 1994.

John Henry Tatum, Tatum & Tatum, Lufkin, for appellant.

Clyde M. Herrington, Dist. Atty., Lisa G. Burkhalter, Asst. Dist. Atty., Lufkin, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from an order by the trial court revoking appellant's probation. Appellant was on regular probation for committing the felony offense of Unlawfully Carrying a Weapon on a licensed premises. Fol-

lowing an evidentiary hearing, the trial court revoked appellant's probation and sentenced him to seven (7) years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's sole point of error is presented as follows: "The court erred in finding the defendant guilty (sic) in that there was insufficient evidence that the defendant delivered marijuana."

Appellant's argument under his point of error is a two pronged attack, *viz:* 1) that there was insufficient proof that the substance in the package in question was indeed marijuana; and 2) that appellant had no knowledge of the contents of the package whatever it contained. In a proceeding to revoke probation, the burden of proof is upon the State to show by a preponderance of the evidence that the probationer has violated the conditions of probation as alleged in the motion to revoke probation. *Jenkins v. State,* 740 S.W.2d 435, 437 (Tex.Crim.App. 1983). The evidence before the trial court must create a reasonable belief that the probationer did violate a condition of probation as alleged by the State. *Id.* When the State has sustained its burden, the decision whether to revoke probation is within the discretion of the trial court. *Flournoy v. State,* 589 S.W.2d 705, 707 (Tex.Crim.App.1979); *Ortega v. State,* 860 S.W.2d 561, 564 (Tex.App.— Austin 1993, no pet.). In a revocation proceeding, the trial court is the trier of fact and the judge of the credibility of the witnesses and the weight of the testimony. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App. 1981). On appeal, we review the evidence in the light most favorable to the trial court's judgment. *Ortega,* 860 S.W.2d at 564; *Galvan v. State,* 846 S.W.2d 161, 162 (Tex.App.— Houston [1st Dist.] 1993, no pet.).

In examining the record of the revocation proceedings, we find ample evidence of the fact that the substance was marijuana and that appellant had knowledge of that fact. The State's main fact witness was Officer William Kennedy of the Nacogdoches narcotics task force. Officer Kennedy initially described his extensive training and experience as a law enforcement officer primarily in narcotics investigation. This testimony went uncontradicted by appellant. Officer

Kennedy then testified as to the events surrounding the delivery of the package containing marijuana. As witnessed by Officer Kennedy, the appellant handed the package directly to a confidential informant who was working undercover with Officer Kennedy. The confidential informant immediately handed the package to Officer Kennedy, who further testified as follows:

A. (Kennedy) I carried it (the package) over to the better light that was coming through the door and looked at it very carefully, sort of felt to see that it was about four ounces, smelled of it. It looked, smelled, and felt tactly (sic) just exactly marijuana.

\* \* \* \* \* \*

Q. (prosecutor) Okay. How much did the package weigh?

A. (Kennedy) 116.7 grams.

Q. Have you ever seen marijuana before?

A. Yes sir.

Q. On few or many occasions?

A. Many occasions.

Q. Did this package that you have in front of you, did its contents resemble marijuana in any way?

A. Yes sir.

Q. In what respect?

A. Virtually all respects.

Q. Based upon your experience was it a usable quantity of marijuana?

A. Yes sir.

Q. Based upon your experience and in your opinion was it marijuana?

A. Yes sir.

The above testimony went uncontroverted by appellant.

In their discussion of the identical issue, the Court of Criminal Appeals in *Deshong v. State*, 625 S.W.2d 327, 329–330 (Tex.Crim. App.1981), noted that the officer had two years experience; that the officer had related that in his training and experience as a police officer he had seen marijuana on numerous occasions; that the officer was permitted to testify without objection that the substance in question was marijuana; and that the defendant did not test the officer's ability to recognize marijuana. The Court of Criminal Appeals concluded that the testimony was sufficient to prove the substance was marijuana. *Id.* In the instant case, the testimony from Officer Kennedy is much stronger and the State's burden of proof (preponderance of the evidence) is much easier than was the case in *Deshong*. We too find that Officer Kennedy's testimony was sufficient to prove the package delivered by appellant contained marijuana.

■ With regard to appellant's knowledge of the marijuana, the record reflects that appellant's own witnesses supplied this evidence through their testimony. In examining the testimony of appellant's co-defendants, it is apparent that the strategy of appellant's trial counsel was to raise doubt surrounding the "delivery" issue. In so doing, the State's cross-examination of the co-defendants resulted in the fact being established that appellant brought the package to the co-defendants' house because the female co-defendant had informed appellant that Officer Kennedy and the confidential informant were wanting to buy a quarter of a pound of marijuana. The fact that it was appellant that brought the package to the house was uncontradicted. This is direct evidence of appellant's knowledge of and involvement with the package that Officer Kennedy identified as containing marijuana. We find no abuse of discretion in the trial court's finding that appellant did deliver the package of marijuana as alleged in the State's application to revoke probation. Point of error one is overruled; the order and the sentence of the trial court are affirmed.

AFFIRMED.