NO. 07-08-0294-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 11, 2009
_____

SALVADORE A. LIZAMA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-432588; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant Salvadore A. Lizama appeals from the judgment revoking his community supervision and sentencing him to seven years of confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In January 2000, appellant was indicted for delivery of a controlled substance in a drug-free zone.[1]  In March 2001, pursuant to a plea agreement, appellant plead guilty as charged in the indictment and received a sentence including seven years' confinement, probated for seven years.  Appellant's community supervision was conditioned on his compliance with specified terms and conditions.

In March 2002, the State filed an Application to Revoke Community Supervision alleging various violations of the terms of appellant's community supervision.  This motion was dismissed and appellant was placed in Intensive Supervision probation for a period of one year.  Thereafter, on February 20, 2008, the State filed a second Application to Revoke Community Supervision, alleging eight violations of the terms and conditions of appellant's supervision.  This motion was heard by the court in June 2008.  Appellant plead "not true" to each of the State's allegations.

The court heard testimony from appellant's community supervision officer concerning appellant's admissions of use of marijuana and alcohol, and concerning appellant's failure to report as required, failure to request permission from or notify the probation office of his change of address, failure to make required payments and failure to avoid people of disreputable or harmful character.  The court also heard the testimony

---

[1] *See* Tex. Health & Safety Code Ann. § 481.112 (Vernon 2001); Tex. Health & Safety Code Ann. § 481.134(b) (Vernon 2003).

of two Lubbock police officers, concerning appellant's possession in October 2007 of a green leafy substance that they said was marijuana.[2]

Appellant did not offer evidence at the hearing on the State's motion, but his counsel pointed out deficiencies in some of the State's evidence. Counsel asked the court to extend appellant's probation and place him in a program to assist him with his drug problem.

After hearing the evidence, the court revoked appellant's community supervision, finding five of the State's allegations to be "true"[3] and assessed appellant's punishment at seven years of confinement in the Institutional Division. The court certified appellant's right of appeal, and he timely filed notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the

---

[2] Although the substance was not tested, the officers testified to their experience and familiarity with marijuana, in testimony similar to that found sufficient in *Venegas v. State,* 877 S.W.2d 542, 544 (Tex.App.–Beaumont 1994, no pet.), *citing Deshong v. State,* 625 S.W.2d 327, 329-30 (Tex.Crim.App. 1981).

[3] The court found appellant: (1) committed an offense against the laws of the State of Texas; (2) failed to avoid injurious or vicious habits; (3) failed to avoid persons or places of disreputable or harmful character; (4) failed to report to his community supervision officer as directed; and (5) failed to maintain total abstinence from the use or possession of alcoholic beverages and any narcotic or dangerous drugs not prescribed by a physician.

proceedings in connection with the motion to revoke community supervision. Counsel discusses the applicable law and sets forth the reasons he concludes there are no arguably meritorious issues on which to base an appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response raising an issue of ineffective assistance of counsel.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

In his brief, counsel discusses several potential issues, but concludes none are arguably meritorious. We agree. In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App. 1993); *Herrera v. State,* 951 S.W.2d 197, 199 (Tex.App.–Corpus Christi 1997, no pet.). When the State alleges more than one violation, proof of any one of them will support revocation. *Moore v. State,* 11 S.W.3d 495, 498 (Tex.App.–Houston [14th Dist.] 2000, no

pet.).  The trial judge in such a proceeding is the sole trier of fact.  *Id.; Taylor v. State,* 604

S.W.2d 175, 179 (Tex.Crim.App. 1980).

In his response, appellant seems to argue he received ineffective assistance of

counsel at both the trial and appellate level in these proceedings.  *See Strickland v.*

*Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,*

726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of

counsel).  We see no support for such a contention in the record before us.

Appellant also mentions the harshness of the sentence imposed.  A sentence imposed

within the range of punishment established by the Legislature generally will not be disturbed

on appeal.  *Flores v. State,* 936 S.W.2d 478, 478-79 (Tex.App.–Eastland 1996, pet. ref'd).

The offense to which appellant plead guilty was a first degree felony, with a punishment range

of five to ninety-nine years or life in prison and a fine of up to $10,000.  Tex. Health & Safety

Code Ann. §§ 481.112(a), (c) (Vernon 2001); Tex. Health & Safety Code Ann. § 481.134(b)

(Vernon 2003); Tex. Penal Code Ann. § 12.32 (Vernon 2003).  The trial court sentenced

appellant to seven years, the sentence originally agreed on, and a sentence well within the

statutorily permissible range.  The sentence imposed does not raise an arguably meritorious

appellate issue.

Our review convinces us that appellate counsel conducted a complete review of the

record.  We have also made an independent examination of the record to determine whether

there are any arguable grounds which might support the appeal from the revocation and

sentence. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.